NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STANTON PEELE | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| | : | |
| St. GREGORY CENTERS, INC. et al, | : | Case No. 2:11-cv-1749 (DMC)(JAD) |
| | : | |
| Defendants | : | |
| | : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>

This matter comes before the Court on motion by St. Gregory Centers, Inc. and Michael Vazquez("Defendant") to either dismiss the complaint of Stanton Peele ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(6), or in the alternative, to transfer this case to the United States District Court for the Southern District of Iowa pursuant to 28 U.S.C. § 1404(a). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the reasons stated herein, Defendant's motion to transfer venue will be **granted.**

## I. BACKGROUND

This case arises out of a licensing agreement for a substance abuse treatment protocol that was created by Plaintiff and licensed to Defendant for use in their treatment facility in Iowa. Plaintiff, a renowned expert in the field of substance abuse, claims that the agreement was unilaterally terminated by Plaintiff in contravention of the terms of the agreement. Defendant

1

similarly accuses Plaintiff of breaching the agreement. Defendant in the current action is a Plaintiff in a previously filed action in the Southern District of Iowa that arises out of the same licensing agreement.

## II.     LEGAL STANDARD

In relevant part, 28 U.S.C.A. § 1404(a) states, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it may have been brought." Pursuant to 28 U.S.C.A. § 1391(a), for civil actions based on diversity of citizenship, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. "

## III.    DISCUSSION

This case might have been brought in Iowa, and venue is proper there according to the plain language of 28 U.S.C.A. § 1391(a). Not only could this case have been brought in Iowa, an identical case with only the parties reversed was already brought there. It is undisputed that Defendant filed a law suit in the Southern District of Iowa on March 5, 2011, and as Defendant points out in the affidavit of Defendant Michael Vazquez, Plaintiff acknowledged his awareness of the lawsuit in an e-mail on that same day. Although Plaintiff avers that he had not been served in the first-filed action before he filed the instant case, he did have actual notice. While

Defendant has the burden to show that Plaintiff had actual notice (see *U.S. v. Huggins* 607 F.Supp.2d 660, 667 (D.Del.,2009), the e-mail in the Vazquez affidavit satisfies that requirement. Since the instant lawsuit arises from the same facts and circumstances as the first-filed case, it would be absurd to adjudicate one case in Iowa and the other in New Jersey. Defendant correctly cites to *Crosley Corporation v. Hazeltine Corporation* 122 F.2d 925, 929 -930 (C.A.3 1941) for the proposition that "the party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter." The logic of the *Crosley* Court is sound, explaining that "it is of obvious importance to all the litigants to have a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of appeals."(*Id.*) Such an analysis would suggest that the District Court in Iowa may well wish to dismiss the instant case, but we leave that to the sound discretion of our sister Court in Iowa.

     Transfer of this action is governed by 28 U.S.C.A. § 1404 which requires the Court to balance factors that might favor one venue over the other. In construing the statutory language of 28 U.S.C.A. § 1404(a), the Third Circuit has pointed out that "commentators have called on the courts to consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins.* Co., 55 F. 3d 873, 879 (3d Cir., 1995). As enumerated by the *Jumara* Court,

> There are a number of relevant private and public factors a court should consider In deciding a motion to transfer. The private factors include: (1) plaintiff's choice

3

of forum; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of witnesses, only to the extent that they may be unavailable for trial in one of the fora; and (6) the location of books and records, again only to the extent that they could not be produced in one of the fora. The public interests include: (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulties in the two fora resulting from court congestion; (4) local interests in deciding local controversies at home; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. (*Id.* at 879-880).

The first factor, Plaintiff's preference, is ordinarily given deference, but that choice is not dispositive. (See *American Tel. & Tel. Co. v. MCI Communications Corp.,* 736 F.Supp. 1294, 1306 (D.N.J.1990). Although the Court acknowledges that it might be inconvenient for Defendant to appear in Iowa, the fact that the first-filed case already requires him to do so mitigates that concern. The second factor, Defendant's choice, clearly favors Iowa.

In analyzing the third factor, the Court is specifically instructed to consider the situation "where the central facts of a lawsuit occur outside the chosen forum." *In re Consolodated Parlodel Litigation,* 22 F. Supp. 2d 320, 323 (D.N.J. 1998). In this case, the Court finds that to be dispositive since the claim clearly arose elsewhere. While the Court has no information about the relative physical and financial conditions of the parties, as the fourth factor instructs the Court to consider, as previously mentioned, the fact that Plaintiff is already obliged to defend in

Iowa renders that calculation moot. The fifth and sixth factors clearly favor Defendants since the agreement at issue involved an Iowa business, and all the evidence and witnesses relating to that business are located in Iowa. In fact, the only potential witness who appears to have any connection with New Jersey is Plaintiff, and that is not sufficient when it is so clearly outweighed by the other equities involved.

In analyzing the public factors, the Court finds only the second one to be compelling in this case. Any trial that may be had on the instant case will be easier, more efficient and less expensive in a single forum rather than forcing both parties to defend in both states.

### IV.     CONCLUSION

For the reasons stated herein Defendant's motion to transfer venue to the Southern District of Iowa pursuant to 28 U.S.C.A. § 1404(a) is **granted**. An appropriate Order follows this Opinion.

S/ Dennis M. Cavanaugh<br>
DENNIS M. CAVANAUGH, U.S.D.J.

Date:   July   25  , 2011
cc:     Hon. Joseph A. Dickson, U.S.M.J.
        Counsel of Record